UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

## CIVIL MINUTES - GENERAL                    JS-6

| Case No. | CV 12-7861-CAS (Ex) | Date | December 5, 2012 |
|----------|---------------------|------|------------------|
| Title | HA-RAKHAMON AZIZI V. THE U.S. OF AMERICA, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Not present | Not present |

**Proceedings:**    **(In Chambers:) DEFENDANTS' MOTION TO DISMISS** (filed October 30, 2012)

### ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION

On August 6, 2012, plaintiff Ha-rakhamon Azizi filed the instant action in Los Angeles County Superior Court against defendants The U.S. of America etc.; Dept. of Justice; Dept. of Educ.; Senators Dianne Feinstein and Barbara Boxer; Representative Henry A. Waxman; and Farshad Azizi, Yahouda Azizi, David Azizi, and Michael Azizi. Dkt. No. 1.  Defendant United States Department of Justice removed the action to this Court pursuant to 28 U.S.C. § 1442(a)(1) on September 12, 2012.[1]  Plaintiff's complaint, like those complaints this Court previously dismissed, is largely incomprehensible and wholly insubstantial.

On September 19, 2012, defendants Bahman Azizi, Bahram Azizi, Farshad Azizi, and Yahouda Azizi filed a motion to dismiss on the basis of res judicata.  Dkt. No. 10. Plaintiff previously filed a complaint in Los Angeles Superior Court for the same claims against these same moving defendants in October 2010, allegedly arising out of the same property dispute; the Superior Court granted judgment to defendants in May 2012.  See

---

[1] This is plaintiff's fourth action against <u>Azizi v. U.S. Dept. Of Educ., et al.</u> CV 98-6864-WDK, <u>aff'd</u>, 194 F.3d 1316 (9th Cir. Sept. 16, 1999) (unpub. memorandum); <u>Azizi v. Amer. Gov't, et al.</u>, CV 09-6677-CAS, <u>aff'd</u> CA 09-56634 (9th Cir. Jan 21, 2010) (unpub. order); <u>Azizi v. Americ. Gov't, et al.</u>, CV 10-2108-CAS.  <u>See</u> Notice of Related Cases Filed by Defendant United States Dept. of Justice, Exs. 1–5.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | JS-6 |
|---|---|---|---|
| Case No. | CV 12-7861-CAS (Ex) | Date | December 5, 2012 |
| Title | HA-RAKHAMON AZIZI V. THE U.S. OF AMERICA, ET AL. | | |

Defs.' Request for Judicial Notice ("RJN") Ex. B.[2]  Plaintiff failed to oppose this motion in any intelligible fashion.  <u>See</u> Dkt. No. 13.  Having reviewed the parties' submissions, the Court hereby GRANTS defendants' motion with prejudice.  Plaintiff's pleading could not be cured to avoid the res judicata effect of the prior state judgment against him.

        In addition, plaintiff's complaint is largely incomprehensible and rambling.  He alleges various charges of "stealing and/or adulterous and/or murderous acts" by the "U.S. American government of belonging to Almighty"; improper "hostage taking of this American government"; "idol worship"; and further allegations that appear to involve a speeding ticket he may have received.  Compl. at 7–9.  Plaintiff's requested relief, if it is fact such a request, is also wholly unintelligible.  Compl. at 15 (requesting, *inter alia*, that "the judge of case of year 05–07 to be removed to another part of this government of belonging to Almighty").

        A "complaint that is 'obviously frivolous' does not confer subject matter jurisdiction. . . ."  <u>Franklin v. Murphy</u>, 745 F.3d 1221, 1227 n. 6 (9th Cir. 1984) (citing <u>Hagans v. Levine</u>, 415 U.S. 528, 536–37 (1974)); <u>see also</u> <u>Neitzke v. Williams</u>, 490 U.S. 319, 327 n. 6 (1989); <u>Bell v. Hood</u>, 327 U.S. 678, 681–82 (1946); <u>Franklin v. Oregon Welfare Div.</u>, 662 F.2d 1337, 1342–43 (9th Cir. 1981).  Dismissal for lack of subject matter jurisdiction is proper when the federal claim is "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy."  <u>Steel Co. v. Citizens for a Better Env't</u>, 523 U.S. 83, 89 (1998) (citations and quotations omitted).  Dismissal for lack of subject matter jurisdiction may occur <u>sua sponte</u>.  <u>Fiedler v. Clark</u>, 714 F.2d 77, 78 (9th Cir. 1983).

        The manifest insubstantiality of the present complaint deprives this Court of subject matter jurisdiction.  This jurisdictional defect could not be cured by amendment.  Accordingly, the Court hereby DISMISSES this action with prejudice.

        IT IS SO ORDERED.

                                                                    00:00
                                                                    CMJ

---

        [2] The Court finds it appropriate to take judicial notice of documents filed in the state court proceedings.  Fed. Rule of Evid. 201(b); <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 689 (9th Cir. 2001) ("under Fed. R. Evid. 201, a court may take judicial notice of matters of public record").